NUMBERS 13-13-00403-CR & 13-13-00404-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHNNY FAZ LOPEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 119th District Court
of Tom Green County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides**

On July 24, 2008, appellant, Johnny Faz Lopez, pleaded guilty to (1) two counts of aggravated assault with a deadly weapon, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2013 3d C.S.)[1]; and (2) one count of

---

[1] These counts relate to appellate cause number 13-13-00403-CR.

aggravated robbery, a first-degree felony, *see id.* § 29.03 (West, Westlaw through 2013 3d C.S.).[2] The trial court deferred adjudication on each count, placed Lopez on community supervision for a period of ten years, and ordered Lopez to pay $6,423.00 in restitution related to the two aggravated assault charges.

On November 14, 2012, the State filed a motion to revoke Lopez's deferred adjudication probation and to proceed to adjudicate guilt on each count. The State alleged that Lopez violated nine terms and conditions related to the aggravated assault with a deadly weapon charges and seven terms and conditions related to the aggravated robbery charge. The allegations in each motion included, *inter alia*, (1) failure to report at the Concho Valley Community Supervision and Corrections Department as ordered by the trial court; and (2) committing theft at a Dollar General store on April 20, 2012 and theft at an "Ulta" store on April 22, 2012.

On February 28, 2013, the trial court held a consolidated hearing on the motions to revoke in which evidence was received, including Lopez's testimony. Lopez pleaded "true" to all of the State's allegations except one in each motion; the State abandoned the allegation to which Lopez pleaded "not true." The trial court adjudicated Lopez guilty of each offense and sentenced him to fifteen years' imprisonment for each offense in the Texas Department of Criminal Justice—Institutional Division. The sentences were ordered to run concurrently.

After conducting a "conscientious examination" of the two cases, Lopez's appellate counsel concluded that an "absence of meritorious grounds for appeal" exists and "any appeal in this case would be frivolous in nature." Thus, Lopez's appellate

---

[2] This count relates to appellate cause number 13-13-00404-CR.

counsel filed an *Anders* brief in which she reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. DISCUSSION[3]

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Lopez's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance arguable points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Lopez's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Lopez; and (3) informed Lopez of his right to review the record and to file a pro se response within thirty days.[4] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re*

---

[3] These cases are before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[4] The Texas Court of Criminal Appeals has held that the pro se response need not comply with

*Schulman*, 252 S.W.3d at 409 n.23.

On September 25, 2013, Lopez filed a request to receive a free copy of the record on these causes as well as a motion for extension of time to file his pro se response. On October 14, 2013, this Court granted Lopez's request for a copy of the appellate record, ordered the trial court to notify this Court as to the date upon which the appellate record was made available to Lopez, and further ordered that Lopez shall have thirty days from the date the appellate record was first made available to him to file his pro se brief.

On November 8, 2013, this Court received written notice from the trial court that evidences its compliance with this Court's October 14, 2013 order. According to the notice, the appellate record was sent to Lopez at the William G. McConnell Unit in Beeville on October 30, 2013. More than an adequate period of time has passed, and Lopez has not filed a pro se response. *See In re Schulman,* 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement

the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues. *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Lopez's attorney has asked this Court for permission to withdraw as counsel for Lopez. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. All other pending motions will be denied as moot. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Lopez and to advise him of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2014.

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Furthermore, any petition for discretionary review should comply with the requirements of Rule 68.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.3.